UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **SHANNON M. JOHNSON** | * | **CIVIL ACTION NO.  15-1078** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BERRY PLASTICS CORP.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 5] filed by defendant Berry Plastics Corporation.  For reasons explained below, it is recommended that the motion be DENIED.

Background

On April 8, 2015, Shannon Johnson filed the instant complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., against his former employer, Berry Plastics Corporation ("Berry").  (Compl.).  Johnson contends that Berry discriminated against him by paying him less than similarly situated white co-workers.  Furthermore, immediately after Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Berry began a campaign of reprisals against Johnson that caused him to suffer lost wages and benefits, extreme emotional distress, pain and suffering, plus other damages.  As a result, Johnson seeks $300,000 in compensatory damages, $500,000 in punitive damages, compensation for his lost benefits, costs, reasonable attorney's fees, reinstatement to his former position, and judicial interest.  On May 14, 2015, Johnson amended his complaint to add a claim(s) under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. §§

23:301–369. *See* Amend. & Restated Compl.

On July 7, 2015, Berry filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed his opposition memorandum on August 10 [doc. # 11]; defendant filed its reply on August 25, 2015 [doc. # 16]. Thus, the matter is ripe.

## Discussion

**I. 12(b)(6) Standard**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is

improbable, and that recovery is unlikely. *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records.

*Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## II.     The Complaint States a Claim for Relief under Title VII

As recited earlier, plaintiff filed an Amended and Restated Complaint. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, plaintiff's Amended and Restated Complaint does not refer to, or adopt his earlier pleading; thus, the sole complaint before the court is the latter filed one. For simplicity's sake, the court will reference the Amended and Restated Complaint as "the complaint."

In response to defendant's motion to dismiss, plaintiff itemized distinct causes of action for discriminatory pay practices and for retaliatory discharge that he addressed under federal law.[1] In *Swierkiewicz v. Sorema*, the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a Rule 12(b)(6) motion.

---

[1] Defendant also analyzed plaintiff's claims exclusively under federal law. The court will follow suit, especially since the LEDL is "substantively similar" to Title VII. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 n.4 (5th Cir. 2007) (citations omitted). Of course, Title VII makes it unlawful for "an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

*Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002). The Court explained that the *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement." *Id.* at 510.[2] Accordingly, plaintiff's complaint need only comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8; *Swierkiewicz,* 423 U.S. at 515.

Nevertheless, the allegations in plaintiff's complaint go beyond Rule 8 and support his prima facie burden for both his discrimination and retaliation claims. *See* discussion, *infra*. A fortiori, the complaint meets the "simple requirements of Rule 8(a)." *See Swierkiewicz, supra*.

a)  <u>Pay Discrimination</u>

To establish a prima facie case of discrimination in compensation, "a plaintiff must show that he was a member of a protected class and that he was paid less than a non-member for work requiring substantially the same responsibility." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008) (citation omitted).

Johnson alleges that he worked for Berry for nine years. (Compl., ¶ 4). In June 2012, he made it known to Berry that he felt that he was being paid less than similarly situated white employees. *Id*. at ¶ 4. Despite assurances that he was mistaken, and that any discrepancies would be redressed, Berry never adjusted Johnson's pay. *Id*.

Berry faults Johnson for failing to specify his race or to include specific facts to establish that his unidentified comparator was similarly situated to himself. While it certainly would have been preferable for plaintiff to specify that his race is other than white, the court may reasonably infer this fact from the remaining allegations in the complaint. In addition, plaintiff represented

---

[2] Furthermore, *Twombly* did not overrule *Swierkiewicz*. *See Twombly*, 550 U.S. at 569-70.

in his memorandum that he has a specific comparator in mind, and offered to amend his complaint to identify the co-worker. (Pl. Opp. Memo., pgs. 2-3). However, it is not necessary to name the comparator at the pleading stage. *See Montgomery v. Omnisec Int'l Sec. Servs., Inc.*, 961 F. Supp. 2d 178, 183-84 (D. D.C. 2013); *Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 434 (S.D. N.Y. 2014). Moreover, little will be gained by requiring plaintiff to allege additional details regarding the similarities between himself and his comparator. The court does not envision a scenario where plaintiff, who is represented by able counsel, would amend the complaint to highlight any differences between plaintiff and the comparator such as to plead himself out of court. Rather, these additional details remain an issue for discovery, which when concluded, may provide a basis for summary judgment. For now, it suffices that plaintiff's allegations provide defendant with fair notice of the claim against it.

b)      Retaliation

To establish a prima facie case of retaliation plaintiff must demonstrate that: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy*, 492 F.3d at 556-577 (citations omitted). Furthermore, "[c]lose timing between an employee's protected activity and an adverse action against him may provide the causal connection required to make out a *prima facie* case of retaliation." *Id*. (citations and internal quotation marks omitted).

Johnson alleges that on May 9, 2013, he filed a discrimination charge with the EEOC. (Compl., ¶ 6). Immediately after Johnson's employer received notice of the EEOC charge, Johnson (for the first time) began to receive write-ups and disciplinary actions. *Id*. Also, an unnamed Berry representative instructed other Berry employees to find a reason to dismiss

Johnson in retaliation for filing the EEOC charge. *Id*. at ¶ 7. As a result of Berry's actions, Johnson suffered lost wages, great emotional distress, pain and suffering, and resumption of migraine headaches. *Id*., at ¶¶ 10-11.

The foregoing allegations are no less fact-intensive or detailed than those set forth in *Wooten v. McDonald Transit Associates, Inc.*, which the Fifth Circuit found sufficient to satisfy Rule 8's low threshold. *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).[3] *Wooten* supports the same outcome here.

### Conclusion

Relying upon judicial experience and common sense, the court finds that plaintiff's complaint, as amended, states plausible claims for relief under Title VII and the LEDL sufficient to afford defendant fair notice of the claim(s) against it, along with the reasonable *expectation* that discovery will reveal relevant evidence for each of the elements of the claim. *Twombly, supra*. Accordingly,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 5] filed by defendant Berry Plastics Corporation be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any

---

[3] In *Wooten*, plaintiff alleged that he had been employed by defendant for approximately 12 years; that one year before he was fired, he filed a charge with the EEOC; thereafter, his employer "discriminated and retaliated against [him], and created a hostile work environment, until such time that [he] was constructively discharged . . ."; and that he suffered resulting harm. *Wooten*, 788 F.3d at 498.

objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 28th day of August 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE